[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 28, 2011
JOHN LEY
CLERK

No. 10-13327
Non-Argument Calendar
_____

Agency No. A096-104-145


FNU LIDIJAWATI,
CAMELIA GUNAWAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 28, 2011)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

First Name Unknown ("FNU") Lidijawati, and her daughter, Camelia

Gunawan, are natives and citizens of Indonesia. They petition this court to review an order issued by the Board of Immigration Appeals ("BIA") refusing to reconsider/reopen a final order denying their application for asylum,withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the U. N. Convention Against Torture ("CAT"). Petitioners contend (1) that the BIA should have reconsidered the final order because the BIA erred in finding that their experiences in Indonesia did not rise to the level of persecution, and that they did not have a well-founded fear of future persecution if returned to Indonesia, and (2) that the BIA should have reopened their removal proceedings because the articles they submitted with their motion were material to their particular circumstances.

## I.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Abdi v. U.S. Attorney Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). Our review is limited to determining whether the BIA exercised "administrative discretion" and, if so, whether its decision was "arbitrary or capricious." *Id.* (quoting *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985)). Where, as here, the petitioners fail to file a petition for review from the underlying denial of asylum, withholding of removal, or CAT relief, within 30 days of the final

2

decisioin, we lack jurisdiction to review the original denial of relief. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005).

A properly presented motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments the BIA previously rejected provides no reason for the BIA to change its prior decision. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Id*.

The petitioners did not provide any reason in their motion for the BIA to change its decision. When it originally denied relief in 2009, the BIA concluded that their testimony, even if presumed credible, did not demonstrate acts rising to the level of past persecution. It likewise found that, based on the State Department's 2007 assessments of Indonesia's record for human rights and religious freedom, it was not more likely than not that Lidijawati and Gunawan would be persecuted upon their return. Therefore, since their motion for

3

reconsideration did not specify any errors of fact or law in the BIA's prior decision, but merely reiterated arguments already considered and rejected, the BIA did not abuse its discretion in denying it.

## II.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Verano-Velasco v. U.S. Attorney Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006). The BIA will not grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Affidavits or other evidentiary material that state new facts, to be proven at a hearing if the motion is granted, must accompany the motion. *Verano-Velasco*, 456 F.3d at 1376.

Petitioners failed to offer new, material facts in support of their motion. In the absence of any assertion from them that the evidence now presented could not have been previously discovered, they did not state a basis on which to reopen their case. *See* 8 C.F.R. § 1003.2(c)(1). Thus, the BIA did not abuse its discretion by denying their motion.

PETITION DENIED.